```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
In re:                                                        Case No. 20-11205-mdc
Kimberly A. Mumma                                             Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: Randi              Page 1 of 1            Date Rcvd: Jun 23, 2020
                               Form ID: 318             Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 25, 2020.
db              Kimberly A. Mumma,    30 4th Street,    Apt. 3,    Pennsburg, PA  18073-1388
14474078       +Discover Bank,   c.o Capital Management Services,LP,    698 1/2 S Ogden St,
                 Buffalo, NY 14206-2317
14474082        Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA  92619-2708
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr              EDI: BTPDERSHAW.COM Jun 24 2020 09:03:00      TERRY P. DERSHAW,    Dershaw Law Offices,
                 P.O. Box 556,   Warminster, PA  18974-0632
smg             E-mail/Text: megan.harper@phila.gov Jun 24 2020 05:43:22      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 24 2020 05:41:54
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 24 2020 05:42:39      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14474079        EDI: IRS.COM Jun 24 2020 09:03:00      Internal Revenue Services,    PO Box 8208,
                 Philadelphia, PA  19101-8208
14474080        E-mail/Text: bncnotices@becket-lee.com Jun 24 2020 05:40:36      Kohls Department Store,
                 PO Box 3115,   Milwaukee, WI  53201-3115
14474081        EDI: NAVIENTFKASMSERV.COM Jun 24 2020 09:03:00      Navient loan servicing,    PO Box 9635,
                 Wilkes Barre, PA  18773-9635
14474083        EDI: TDBANKNORTH.COM Jun 24 2020 09:03:00      td bank,    PO Box 8400,
                 Lewiston, ME  04243-8400
                                                                                                TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14474077         20-11205
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2020                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 23, 2020 at the address(es) listed below:
              CAROL B. MCCULLOUGH    on behalf of Debtor Kimberly A. Mumma mccullougheisenberg@gmail.com,
               cbmccullough64@gmail.com
              REBECCA ANN SOLARZ    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
               bkgroup@kmllawgroup.com
              TERRY P. DERSHAW    td@ix.netcom.com,    PA66@ecfcbis.com;7trustee@gmail.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 4
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Kimberly A. Mumma** | Social Security number or ITIN   **xxx−xx−2110** |
| | First Name   Middle Name   Last Name | EIN   _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **20−11205−mdc** | | |

# Order of Discharge                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Kimberly A. Mumma
aka Kimberly A. Pawling, aka Kimberly Pawling

<u>6/23/20</u>                                            **By the court:** <u>Magdeline D. Coleman</u>
                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                    **Order of Discharge**                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**